04MBD10097

AO 451 (Rev.12/93) Certification of Judgment

# UNITED STATES DISTRICT COURT

DISTRICT OF     New Jersey

CIT Communications Finance Corp.

V.

Harvard Street Neighborhood
Health Center, Inc.

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

Case Number:    2:03cv0084 (JCL)

I,     WILLIAM T. WALSH     Clerk of the United States district court certify that the attached judgment is a true and correct copy of the original judgment entered in this action    2/26/04   , as it appears in the records of this court, and that

\*    no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court.

March 26th, 2004
Date

WILLIAM T. WALSH
Clerk

*(signature)* A. Owens-Keefe
(By) Deputy Clerk

\*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)
AO 451 (Rev.12/93) Certification of Judgment

**04MBD10097**

CLOSED

RECEIVED
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT   2004 FEB 19  A 10: 17
DISTRICT OF NEW JERSEY

UNITED STATES
DISTRICT COURT

|  |  |
|---|---|
| CIT COMMUNICATIONS FINANCE CORPORATION, | CIVIL ACTION NO: 03-0084 (JCL) |
| Plaintiff, |  |
| v. | **FINAL JUDGMENT BY DEFAULT AS TO DAMAGES** |
| HARVARD STREET NEIGHBORHOOD HEALTH CENTER, INC. |  |
| Defendant. |  |

**LIFLAND, District Judge**

Plaintiff CIT Communications Finance Corporation ("CIT") petitioned this Court for entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), against Defendant Harvard Street Neighborhood Health Center, Inc. ("Harvard Street") on June 11, 2003. CIT's motion was granted with respect to liability and denied with respect to damages on July 29, 2003. Based on CIT's supplemental submission, its motion is now granted as to damages against Harvard Street.

**BACKGROUND**

CIT is a Delaware corporation with its principal place of business in Livingston, New Jersey. (Compl. ¶ 1) Harvard Street is a Massachusetts corporation with its principal place of business in Dorchester, Massachusetts. (Id. ¶ 2)

On or about January 9, 2003, CIT filed a complaint against Harvard Street, alleging that Harvard Street breached the December 1998 Lease Agreements ("Schedule 0080" and "Schedule 0090") and the February 1999 Lease Agreement ("Schedule 0100") (collectively the "Lease")

between CIT and Harvard Street by failing to make certain monthly payments due under the Lease. (Id. ¶¶ 6-10) Under Schedule 0080, CIT leased to Harvard Street a Definity Prologix telephone system for a period of sixty months. (Id. ¶ 6 & Bernido Aff. Ex. B) Under Schedules 0090 and 0100, CIT leased additional equipment for the Definity Prologix telephone system to Harvard Street. (Compl. ¶¶ 7-8 & Bernido Aff. Ex. B) CIT seeks liquidated damages under paragraph 9 of the Lease; costs and attorneys' fees; and a provision allowing CIT to recover, upon subsequent application to the Court, any additional fees incurred in connection with efforts to execute upon the final judgment it seeks here.

The Lease permits Harvard Street to use equipment for the Definity Prologix telephone system leased by CIT, in exchange for paying CIT certain monthly rental fees. The Lease also states that default will result if monthly rental payment is not made within ten days of the date it is due. (Bernido Aff. Ex. B, ¶ 8) In the event a default occurs, CIT reserves the right to terminate the Lease and recover contractual damages contemplated in the Lease. (Compl. ¶ 11 & Bernido Aff. Ex. B, ¶ 9)[1] Furthermore, the Lease provides that if Harvard Street defaults on its obligations under the Lease, Harvard Street agrees to pay CIT all costs and expenses, including reasonable legal fees, involved in collecting the unpaid sums under the Lease. (Id. ¶ 13 & Bernido Aff. Ex. B, ¶ 9)

The Complaint alleges that Harvard Street failed to make required monthly rental payments to CIT, which resulted in CIT terminating the Lease. (Compl. ¶¶ 9, 12) CIT argues

---

[1] Although CIT refers to damages sought in its Complaint as contractual damages, Ms. Bernido's Affidavit in support of CIT's motion for entry of final judgment defines these damages as liquidated damages. As explained in greater detail below, the Court has determined that the damages sought by CIT are contractual and will refer to damages throughout this decision accordingly.

2

that Harvard Street is in default of the Lease and is thereby obligated, under the default and remedy provisions of the Lease, to pay CIT contractual damages. (Id. ¶¶ 10-12) Although CIT claims that payment has been demanded of Harvard Street for the monies due under the Lease, no payment has been received from Harvard Street. (Id. ¶ 14)

On January 27, 2003, CIT effectuated service of process by delivering, via process server, the Summons and Complaint to Harvard Street at 632 Blue Hill Avenue, Dorchester, Massachusetts, 02121. The return of service was filed by the Court on February 5, 2003. CIT petitioned the Clerk of the Court for an entry of default against Harvard Street pursuant to Fed. R. Civ. P. 55(a) on April 28, 2003. Default was entered by the Clerk of the Court on April 29, 2003.

CIT filed the instant motion on June 11, 2003, seeking default judgment against Harvard Street. On June 10, 2003, CIT served Harvard Street via United States Postal Service, postage prepaid, with one copy of CIT's Notice of Motion for Entry of Final Judgment by Default, the Affidavit of Maria Bernido, the Affidavit of Jeffrey S. Lipkin and a proposed form of Final Judgment by Default. The above was mailed to:

1. Harvard Street Neighborhood Health Center, Inc.
   632 Blue Hill Avenue
   Dorchester, Massachusetts 02121

2. Denzil D. McKenzie, Esq.
   McKenzie & Associates, P.C.
   44 School Street, Suite 1100
   Boston, Massachusetts 02108

CIT's motion was granted with respect to liability and denied with respect to damages on July 29, 2003. CIT supplemented the record with the August 22, 2003 Second Supplemental

3

Affidavit of Maria Bernido (8/22/2003 Bernido Aff.). As a result of this supplemental submission, a hearing on damages is unnecessary.

## STANDARD OF REVIEW

When a defendant is in default, the court treats all factual allegations of the plaintiff as true, except those relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing Thomson v. Wooster, 114 U.S. 104 (1885)). If the alleged damages are not for a "sum certain or for a sum which by computation can be made certain," Fed. R. Civ. P. 55(b)(1), the "court may conduct such hearings or order such references as it deems necessary and proper." Fed. R. Civ. P. 55(b)(2).

## DISCUSSION

CIT seeks to recover $84,804.50 in contractual damages and $3,532.18 in attorneys' fees and costs from Harvard Street. (8/22/2003 Bernido Aff. Ex. A; 6/11/2003 Lipkin Aff. ¶ 7) In the Court's July 29, 2003 order granting default judgment as to liability, the Court asked CIT to provide it with the termination date of the Lease, information as to the variables used to calculate the totals for PV Remaining Rentals, PV Equipment Casualty Value, past due rental payments, late charges, and Net Recoveries. In addition, the Court decided to postpone an award of attorneys' fees and costs until all damages were calculated. Furthermore, the Court postponed any decision as to CIT's request to include a provision allowing CIT to submit subsequent applications for recovery of fees charged in connection with efforts to execute upon the final judgment.

With respect to the termination date of the Lease, in its supplemental submission CIT produced records maintained in the normal course of business that establish that the Lease was

4

terminated on May 24, 2002. (8/22/2003 Bernido Aff. Exs. B, C & D) Further, CIT has provided the variables requested and supporting documents necessary to verify the calculations of the amounts sought for PV Remaining Rentals, PV Equipment Casualty Value, past due rental payments, late charges, and Net Recoveries. (8/22/2003 Bernido Aff. ¶¶ 6-28 & Exs. A-D) Based on an examination of the supplemental information CIT has provided, the Court is satisfied that the amount of damages requested by CIT with respect to PV Remaining Rentals, PV Equipment Casualty Value, past due rental payments, late charges, and Net Recoveries is appropriate.

With regard to CIT's request for attorneys' fees and costs, CIT relies on paragraph 9 of the Lease and the June 11, 2003 Affidavit of Jeffrey S. Lipkin. Paragraph 9 of the Lease states that Harvard Street agrees to "pay all of our [CIT] costs of enforcing our rights against you [Harvard Street], including reasonable attorneys' fees." (6/11/2003 Bernido Aff. Ex. B) The affidavit of Mr. Lipkin states that the amount of attorneys' fees and costs incurred by CIT in enforcing its rights against Harvard Street is $3,532.18. (6/11/2003 Lipkin Aff. ¶ 7) Thus, the Court is satisfied that CIT has supported its claim for attorneys' fees and costs and will award CIT the full amount requested.

CIT's request that the Court include a provision in its order allowing CIT to submit subsequent applications for recovery of fees charged in connection with efforts to execute upon the final judgment entered against Harvard Street is granted. Expenses incurred in executing on the judgment are clearly within paragraph 9.

Accordingly, **IT IS** on this 18th day of February, 2004

**ORDERED** that Plaintiff CIT Communications Finance Corporation recover from Defendant Harvard Street Neighborhood Health Center, Inc. damages in the total amount of $88,336.68; and it is further

**ORDERED** that CIT Communications Finance Corporation is not barred from submitting future applications for recovery of additional fees incurred in enforcing this judgment.

/s/ John C. Lifland, U.S.D.J.

HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office

ATTEST:
WILLIAM T. WALSH, Clerk
United States District Court
District of New Jersey

By ................................
Deputy Clerk